IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES, JR., H-63933, <br><br> Plaintiff(s), <br><br> vs. <br><br> E. MATA, et al., <br><br> Defendant(s). | No. C 12-2163 CRB (PR) <br><br> ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |

  Plaintiff, a prisoner at Salinas Valley State Prison (SVSP) and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

  Per order filed on June 22, 2012, the court denied plaintiff's request to proceed IFP under the rationale of 28 U.S.C. § 1915(g) because (1) plaintiff has had three or more prior prisoner actions dismissed by the United States District Court for the Central District of California on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted, and (2) it did not appear that plaintiff is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. June 22, 2012 Order at 2. But under the law of the circuit, plaintiff was afforded an opportunity to persuade the court that § 1915(g) does not bar IFP status for him. Id. at 2-3 (citing Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)).

1   Plaintiff has sufficiently made a "plausible allegation" of imminent danger
2   of serious physical injury at the time of filing by alleging, among other things,
3   that prison officials are retaliating against him by denying him needed medical
4   care . See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (court
5   "should not make an overly detailed inquiry into whether the allegations qualify
6   for the exception;" it is sufficient if prisoner "makes a plausible allegation that
7   [he] faced 'imminent danger of serious physical injury' at the time of filing").  He
8   may proceed IFP, but defendants are not precluded from later challenging
9   plaintiff's imminent danger allegations in a motion for summary judgment. See
10  Gibbs v. Cross, 160 F.3d 962, 967 n.8 (3d Cir. 1998).

11  Plaintiff's application for leave to proceed in forma pauperis under 28
12  U.S.C. § 1915 is GRANTED.  The total filing fee due is $ 350.00 and the initial
13  partial filing fee due at this time is $ 0.00.  See 28 U.S.C. § 1915(b)(1).  A copy
14  of this order and the attached instructions will be sent to the plaintiff, the prison
15  trust account office, and the court's financial office.

16  SO ORDERED.
17  DATED:   Dec. 10, 2012  
                    CHARLES R. BREYER
18                  United States District Judge

G:\PRO-SE\CRB\CR.12\Peoples, T.12-2163.ifp.wpd

2

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

>The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee.  This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

>Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00).  The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case.  The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order.  Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
       Finance Office