IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY PEOPLES, JR., H-63933,       )
                                     )
            Plaintiff(s),            )      No. C 12-2163 CRB (PR)
                                     )
        v.                           )      ORDER OF SERVICE
                                     )
E. MATA, et al.,                     )      (Docket #3)
                                     )
            Defendant(s).            )
_____     )

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se complaint under 42 U.S.C. § 1983 alleging interference with his access to the courts and retaliation in response to his filing inmate grievances. He seeks declaratory, injunctive and monetary relief. He also seeks appointment of counsel.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that correctional officer E. Mata unlawfully interfered with his right of access to the courts by withholding his trust account papers for 20 days.  The Ninth Circuit has differentiated between two types of access to courts claims: "those involving prisoners' right to affirmative assistance and those involving prisoners' right[] to litigate without active interference."  Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (emphasis in original). Regardless of whether a prisoner's denial of access to courts claim is based on his right to affirmative assistance or his right to litigate without active interference, he must allege: (1) a non-frivolous legal attack on his conviction, sentence or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.  See id. at 1102-04.  As an element of any denial of access to courts claim, actual injury "is a jurisdictional requirement that flows from the standing doctrine and may not be waived."  Nevada Dep't of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing  Lewis v. Casey, 518 U.S. 343, 349 (1996)).  Plaintiff's allegations that Mata withheld his trust account papers for 20 days fail to state a claim for denial of access to the courts and will be dismissed.  There is no indication whatsoever that plaintiff suffered an actual injury to court access as a result of Mata's alleged action.  See id.

Plaintiff also alleges that various California Department of Corrections and Rehabilitation (CDCR) and SVSP officials retaliated against him for filing

inmate grievances by, among other things, using excessive force against him, refusing to act on his grievances and appeals, and depriving him of necessary medical care.  Liberally construed, plaintiff's allegations appear to state cognizable retaliation claims under § 1983 against the named defendants because it is well established that prison officials may not retaliate against prisoners for filing inmate grievances.  See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

C.      Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (docket #3) is DENIED for lack of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). The court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil

3

Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice.  Id. (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is

4

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.      The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure

30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Dec. 10, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Peoples, T.12-2163.serve.wpd

6