IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES, JR., H-63933,<br><br>    Plaintiff(s),<br><br>v.<br><br>E. MATA, et al.,<br><br>    Defendant(s). | No. C 12-2163 CRB (PR)<br><br>ORDER GRANTING MOTION TO VACATE DISMISSAL AND REOPENING CASE<br><br>(Dkt. #105) |

      Per order filed on February 2, 2015, the court granted defendants' motion for summary judgment and dismissal with partial leave to amend.  The court specified that plaintiff could amend to allege retaliation claims against defendants Crabtree and Lopez (as well as unserved defendants Mata, Asuncion and Devillar), and against defendant Miller, "within 28 days of this order."  Feb. 2, 2015 (dkt. #102) at 12.  Plaintiff also could amend to allege a separate claim of use of excessive force against Crabtree, Lopez, Mata, Asuncion and Devillar, and a separate claim of denial of medical care against Miller.  The court warned plaintiff that "[f]ailure to file a proper amended complaint within the designated time will result in the dismissal of this action."  Id.

      Per order filed on March 26, 2015, the court dismissed the action because "[m]ore than 50 days have passed and plaintiff has not filed an amended complaint or sought an extension of time to do so," and instructed the clerk to enter judgment and close the file.  Mar. 26, 2015 Order (dkt. #103) at 1.

Plaintiff promptly moved to vacate the dismissal based on his claim that he did not receive the February 2, 2015 order granting defendants' motion for summary judgment and dismissal with partial leave to amend. At the court's request, defendants filed a response noting that they do not oppose plaintiff's motion because a review of plaintiff's incoming mail log indicates that he did not receive any mail from the court during the month of February 2015.

Good cause appearing therefor, plaintiff's motion (dkt. #105) to vacate the dismissal is GRANTED. The clerk shall vacate the March 26, 2015 order of dismissal and corresponding judgment, and reopen this case. The clerk also shall serve plaintiff with a copy of the February 2, 2015 order and of this order.

By no later than July 10, 2015, plaintiff may amend to allege retaliation claims against defendants Crabtree and Lopez (as well as unserved defendants Mata, Asuncion and Devillar), and against defendant Miller; a separate claim of use of excessive force against Crabtree, Lopez, Mata, Asuncion and Devillar; and a separate claim of denial of medical care against Miller, as set for in detail in the February 2, 2015 order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff's renewed request for appointment of counsel is denied for lack of exceptional circumstances. See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances"). The court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of

2

counsel is warranted.

SO ORDERED.

DATED: June 1, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Peoples, T.12-2163.vacate-dismissal.wpd

3